UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

```
MARY BOURGEOIS and                    *      CIVIL ACTION
FRANCIS BOURGEOIS, JR.

versus                                *      NO. 06-7684

STATE FARM INSURANCE COMPANY          *      SECTION "F"
and JEFF GAFNEY
```

ORDER AND REASONS

Before the Court is plaintiff's motion to remand. For the reasons that follow, the motion is DENIED.

Background

Hurricane Katrina damaged the plaintiffs' home in Plaquemines Parish. They filed claims under their homeowner's policy, but State Farm paid only a portion of insurance proceeds. They filed this suit in state court on August 28, 2006, naming State Farm Fire and Casualty Company and its claims adjuster, Jeff Gafney, as defendants. The plaintiffs assert that they are entitled to payment from State Farm for damages and losses to the property, including penalties under Louisiana law for bad-faith claims adjusting. They assert claims against James Gafney for failing to adjust their claims in good faith and failing to disclose material information.

State Farm removed the case to this Court on October 10, 2006, invoking this Court's diversity jurisdiction or,

1

alternatively, basing jurisdiction on 28 U.S.C. §§ 1369 or 1441(e)(1)(a).  The plaintiffs now move to remand.  State Farm opposes remand, asserting that the parties are completely diverse and that the amount-in-controversy requirement is met.

## Law and Analysis

Most lawsuits filed after Hurricane Katrina focus on issues of insurance law and have been removed by out-of-state defendant insurance companies.  Common jurisdictional issues run through these cases, and the standards for diversity and federal question jurisdiction and the discretion to remand cases to state court have been enumerated time after time, as well as the standards for the duty owed by insurance agents to the insured. See Kurz v. Scottsdale Ins. Co., 2006 WL 3240787 (E.D. La. Nov. 7, 2006); Thomas P. Ragas v. Jimmy Tarleton III and Allstate Ins. Co., 2006 WL 2925448 (E.D. La. Oct. 10, 2006); Bienemy v. American Sec. Ins. Co., 2006 WL 2925454 (E.D. La. Oct. 10, 2006); Tomlinson v. St. Paul Fire & Marine Ins. Co., 2006 WL 2632105 (E.D. La. Sept. 12, 2006).

This case is no different.  In their petition, the plaintiffs assert "upon information and belief" that Jeff Gafney is a Louisiana citizen.  But State Farm submits Jeff Gafney's sworn affidavit informing the Court that he, like State Farm, is a citizen of Illinois.  The plaintiffs, both Louisiana residents, have not responded or produced any evidence to contest Gafney's

2

Illinois citizenship. Because State Farm has met its burden in showing that the jurisdictional amount in controversy exceeds $75,000, this Court must exercise its diversity jurisdiction and need not reach State Farm's other asserted bases for federal jurisdiction.

    Accordingly, the plaintiffs' motion to remand is DENIED.

    New Orleans, Louisiana, December 6, 2006.

                      _____
                         MARTIN L. C. FELDMAN
                      UNITED STATES DISTRICT JUDGE